UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TREVOR MCCARTHY,<br>    *Plaintiff*,<br><br>v.<br><br>RANDOLPH, FIELDS, EMILIA,<br>ROBERTS, JOHN DOE, JANE DOE,<br>    *Defendants*. | 3:20-CV-1426 (SVN)<br><br><br><br><br><br>June 24, 2022 |

## ORDER OF DISMISSAL

Sarala V. Nagala, United States District Judge.

On September 22, 2020, Plaintiff Trevor McCarthy filed a complaint pursuant to 42 U.S.C. § 1983 against various state corrections officials. ECF No. 1. Following its initial review, ECF No. 9, the Court permitted certain constitutional claims to proceed against Defendants Randolph, Fields, Emilia, Roberts, John Doe, and Jane Doe in their individual capacities for money damages, specifically: Plaintiff's First Amendment freedom of speech and expression claim; his Fourth Amendment privacy and search and seizure claim; and his Fourteenth Amendment claims related to alleged punitive conditions in the gang/segregation unit. In addition, the Court permitted certain claims to proceed against Defendant Roberts, specifically: Plaintiff's First Amendment retaliation claim; his Fourteenth Amendment claim arising from alleged harassment; and his state law intentional infliction of emotional distress claim. The Court set a discovery deadline of April 15, 2022. ECF No. 9 at 24.

On January 6, 2022, Roberts filed a motion to dismiss Plaintiff's claim of intentional infliction of emotional distress, contending that Plaintiff failed to allege extreme and outrageous conduct to state a claim. ECF No. 24. Following an extension, Plaintiff timely filed an opposition to Roberts' motion to dismiss. ECF No. 27.

On February 7, 2022, Defendants filed a motion to bifurcate dispositive motions in order to address the question of whether Plaintiff has exhausted his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 197e(a), prior to addressing dispositive issues as to liability. ECF No. 30. The Court ordered Plaintiff to respond to the motion, but he did not. ECF Nos. 31, 32. Thereafter, the Court granted Defendants' motion to bifurcate proceedings, ECF No. 34, and, on April 18, 2022, Defendants filed a motion for summary judgment contending that Plaintiff has not exhausted his administrative remedies. ECF No. 35. Plaintiff's response was due May 9, 2022. To date, Plaintiff has not responded to Defendants' motion for summary judgment.

In addition, it came to the Court's attention that its order granting Defendants' motion to bifurcate proceedings, ECF No. 34, was sent to Plaintiff in mid-March of 2022 and soon thereafter returned by the U.S. Postal Service as undeliverable. As the Court explained in its Initial Review Order, ECF No. 9, Local Rule 83.1(c) requires Plaintiff to notify the Court if he changes his address at any time during the litigation of this case, and his failure to do so may result in dismissal of the case. Indeed, the docket indicates that Plaintiff has previously complied with the requirement that he update his address. *See* ECF Nos. 17, 33. On one occasion, Plaintiff called the Clerk's Office to alert the Court that his notice of new address had not yet been docketed, so he had not received timely notice of a filing. ECF No. 32. Based on Plaintiff's previous filings and this phone call, it is clear that Plaintiff understands his obligation to update his mailing address.

On June 2, 2022, the Court ordered Plaintiff to file a notice confirming his current mailing address as required by Local Rule 83.1(c)(2) and to respond to Defendants' motion for summary judgment. ECF No. 36. This Order again advised Plaintiff that his failure to update his address may result in dismissal of the case. To date, Plaintiff has not updated his mailing address, responded to Defendants' motion for summary judgment, or otherwise prosecuted the case.

Accordingly, this action is dismissed on the ground that Plaintiff has failed to provide the Court with notice of his address and, thus, failed to prosecute his action pursuant to Fed. R. Civ. P. 41(b).

## CONCLUSION

**The case is DISMISSED for Plaintiff's failure to follow the Court's orders requiring him to inform the Court of his current address; ECF Nos. 9, 36; and for failure to prosecute under Fed. R. Civ. P. 41(b).** This dismissal is without prejudice to refiling a motion to reopen this case on or before **August 24, 2022.** Plaintiff's motion to reopen must show good cause for his failure to timely provide the Court with an updated address. If Plaintiff fails to file a motion to reopen that complies with this order by August 24, 2022, the Court will convert this dismissal into one with prejudice.

In light of the dismissal, Defendant Roberts' motion to dismiss, ECF No. 24, and Defendants' motion for summary judgment, ECF No. 35, are **denied as moot,** without prejudice to refiling in the event that the Court reopens the case.

The Clerk is directed to close this case without prejudice.

**SO ORDERED** at Hartford, Connecticut, this 24th day of June, 2022.

                                        */s/ Sarala V. Nagala*
                                        SARALA V. NAGALA
                                        UNITED STATES DISTRICT JUDGE